Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

BEN FABRIKANT, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JOHN DOE d/b/a INSURANCE ENTERPRISE USA and INSURANCEENTERPRISEUSA.COM, an unknown person or entity; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 4:26-cv-03192-SMB-MDN

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(Telephone Consumer Protection Act, 47 U.S.C. § 227(c))**

**DEMAND FOR JURY TRIAL**

**Place of Trial: Lincoln, Nebraska**

Plaintiff BEN FABRIKANT ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges the following against Defendant JOHN DOE d/b/a Insurance Enterprise USA and insuranceenterpriseusa.com, and DOES 1 through 10 (collectively, "Defendant"), on personal knowledge as to Plaintiff's own acts and on information and belief as to all other matters:

## INTRODUCTION

1. This is a consumer-protection class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against the unidentified operator of the health-insurance telemarketing enterprise that does business as "Insurance Enterprise USA," through the website insuranceenterpriseusa.com and the toll-free telephone number (888) 350-6605. Defendant sent unsolicited marketing text messages to Plaintiff's cellular telephone number while Plaintiff was in Lincoln, Nebraska, and, on information and belief, sent substantially similar marketing text messages to thousands of other consumers—including repeated solicitation text messages sent after those numbers had been registered on the National Do-Not-Call Registry, all without prior express consent or invitation.

2. Defendant has deliberately concealed its true legal identity, routing its telemarketing through a toll-free number whose subscriber records are held by a third-party Responsible Organization and carrier, and operating its website through a privacy-shielded domain registration that discloses no registered company name or address. As a result, Plaintiff has been unable to ascertain Defendant's true name despite reasonable diligence, and Plaintiff will seek leave to conduct limited early discovery to identify Defendant and will amend this Complaint to substitute Defendant's true name once it is ascertained.

3. Plaintiff brings this action, on his own behalf and on behalf of a proposed class of similarly situated persons, to recover statutory damages and to enjoin Defendant's unlawful telemarketing practices.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, a federal statute, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

5. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its marketing text messages into the State of Nebraska, transacted business in this District, and committed the acts giving rise to this action within this District, and Plaintiff's claims arise out of and relate to those forum contacts.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt of the text messages at issue while in Lincoln, Lancaster County, Nebraska.

**PARTIES**

7. Plaintiff BEN FABRIKANT is a natural person. At all times relevant to the conduct alleged herein, Plaintiff was physically present in Lincoln, Lancaster County, Nebraska, where he received each of the text messages at issue, and was the user and subscriber of the cellular telephone number ending in 8378 (the "Subject Number").

8. Defendant JOHN DOE is an unknown person or entity that, at all relevant times, owned, operated, and controlled the health-insurance telemarketing business doing business as "Insurance Enterprise USA," including the website insuranceenterpriseusa.com and the toll-free telephone number (888) 350-6605. Defendant's true legal name is presently unknown to Plaintiff. Defendant holds itself out to the public as a licensed health-insurance agency and

soliciting individual, family, and group health insurance through the website and telephone number identified above.

9. Defendant publicly identifies the toll-free telephone number (888) 350-6605 as the number to call to speak to a "Licensed Agent" for a quote, and directs prospective customers to that number and to insuranceenterpriseusa.com.

10. Defendants DOES 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who are responsible in some manner for the conduct alleged herein, including as owners, officers, agents, affiliates, vendors, or senders acting on Defendant's behalf. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

11. At all relevant times, each Defendant acted as the principal, agent, alter ego, joint venturer, or co-conspirator of each other Defendant, and the acts of each Defendant were within the course and scope of that relationship and were ratified by the other Defendants.

## FACTUAL ALLEGATIONS

### *Defendant's Telemarketing Enterprise*

12. Defendant operates a telemarketing enterprise that solicits consumers to purchase health-insurance products and related services. Defendant markets these products under the name "Insurance Enterprise USA," through the website insuranceenterpriseusa.com and the toll-free number (888) 350-6605, including by sending marketing text messages to consumers' cellular telephones.

13. The website insuranceenterpriseusa.com markets Defendant's health-insurance products. It brands the business as "Insurance Enterprise" and "Insurance Enterprise USA," describes itself as "Licensed in 34 states," advertises an "affordable family health insurance marketplace" offering "$0 Deductible and $0 Co-Pay Plans," and prominently displays the toll-

free number (888) 350-6605 alongside calls to action to obtain an “Online Quote” or “Group Health Quote.” A true and correct copy of the website’s home page is attached as Exhibit B.

14. On information and belief, Defendant sent, or directed and authorized others to send on its behalf, marketing text messages to consumers, including Plaintiff, for the purpose of soliciting the sale of health-insurance products.

15. On information and belief, Defendant conducted a mass telemarketing campaign, transmitting substantially similar marketing text messages to thousands of consumers’ cellular and residential telephone numbers, including numbers registered on the National Do-Not-Call Registry.

16. On information and belief, Defendant transmitted these messages using one or more automated or cloud-based text-messaging platforms that enabled it to send standardized messages in bulk from the toll-free number (888) 350-6605.

17. The marketing text messages Defendant sent to consumers were standardized and substantially uniform in content, promoting the same health-insurance products under the same name and directing recipients to the same website and the same toll-free telephone number.

***The Text Messages to Plaintiff***

18. The Subject Number is a cellular telephone number that Plaintiff uses for personal, family, and household purposes.

19. Plaintiff registered the Subject Number on the National Do-Not-Call Registry on or about February 11, 2022, and the Subject Number has remained on the Registry at all relevant times.

20. On June 12, 2026, Defendant sent at least two marketing text messages to Plaintiff’s Subject Number from the telephone number (888) 350-6605 while Plaintiff was in Lincoln,

Nebraska—the first at approximately 9:05 a.m. and the second at approximately 12:49 p.m. A true and correct copy of the text messages is attached as Exhibit A.

21. The first message stated: “Frustrated with health insurance costs? Insurance Enterprise has a smarter way. We invite you to join a group plan so you can get low premium rates big companies get, including a low $500 deductible plan with rates starting as low as $329/mo. You don’t have to face the high costs on your own anymore. Call us for a free, no-obligation quote at 888-350-6605.”

22. The second message addressed Plaintiff by his first name (“Benjamin”) and continued Defendant’s solicitation. It stated that “health insurance financially protects you if unexpected things happen,” warned of the financial consequences of “an accident or critical illness” that “forces you to stop working,” and promoted the policies of “Insurance Enterprise USA.”

23. Each message was sent for the purpose of encouraging the purchase of Defendant’s health-insurance products and services, and therefore constituted a “telephone solicitation” and “telemarketing” within the meaning of the TCPA and its implementing regulations.

24. Plaintiff never provided prior express consent, or prior express written consent, to receive any telemarketing text message from Defendant, and never had any established business relationship with Defendant.

25. Plaintiff did not provide the Subject Number to Defendant, never requested information from Defendant, and never did business with Defendant.

26. On information and belief, the text messages were sent by or on behalf of Defendant, which initiated the messages, authorized the messages, controlled the manner and means of the telemarketing campaign, and benefited from the messages.

### *Defendant's Concealment of Its Identity*

27. Defendant has taken steps to conceal its true legal identity. The toll-free telephone number (888) 350-6605 is administered through the SMS/800 Toll-Free Number Registry, and the records identifying the subscriber to that number are held by the number's Responsible Organization and underlying carrier rather than disclosed to the public.

28. The website insuranceenterpriseusa.com is registered through a privacy or proxy service that shields the true registrant's identity in the public WHOIS record.

29. Neither Defendant's website nor its text messages disclose Defendant's true or registered legal name or any physical business address. Although the website brands the business as "Insurance Enterprise" and "Insurance Enterprise USA" and claims to be "Licensed in 34 states," it identifies no registered company name, no licensed entity, and no street address by which Defendant may be identified or located. (See Exhibit B.)

30. Plaintiff has undertaken reasonable efforts to identify Defendant's true legal name, including by reviewing Defendant's public-facing website and social-media pages, searching publicly available business-registration and insurance-licensing records, and researching the registration of the toll-free number and the domain name. Despite these efforts, Defendant's true legal identity remains concealed and cannot be ascertained without limited discovery from third parties that possess Defendant's identifying information.

### *Harm to Plaintiff and the Class*

31. Defendant's text messages harmed Plaintiff and the Class. The messages invaded their privacy, intruded upon their seclusion, caused aggravation and annoyance, wasted their time, occupied their telephone numbers, and depleted their devices' battery, data, and storage capacity. These are the precise harms Congress sought to prevent in enacting the TCPA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on his own behalf and, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of the following proposed class (the "Class"):

> All persons in the United States who, within the four years preceding the filing of this action through the date of class certification, (a) received more than one text message or telephone call from or on behalf of Defendant that promoted Defendant's goods or services, (b) within any twelve-month period, (c) on a cellular or residential telephone number that had been registered on the National Do-Not-Call Registry for at least thirty-one days, and (d) for whom Defendant's records reflect no prior express invitation or permission to send such messages.

33. Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, employees, and agents; the undersigned counsel and their employees; and the judicial officers, their immediate family members, and associated court staff assigned to this case.

34. Plaintiff reserves the right to modify or refine the Class definition, including by establishing one or more subclasses, based on information learned through discovery.

35. **Numerosity (Rule 23(a)(1)).** The Class is so numerous that joinder of all members is impracticable. Telemarketing campaigns of the kind alleged here, transmitted through automated or cloud-based text-messaging platforms, reach large numbers of telephone numbers, and on information and belief the Class includes thousands of persons. The members of the Class are readily ascertainable from Defendant's records and the records of its messaging vendors and carriers.

36. **Commonality (Rule 23(a)(2)).** There are questions of law and fact common to the Class. These common questions include:

a. whether Defendant, or others acting on its behalf, initiated more than one telephone solicitation within a twelve-month period to telephone numbers registered on the National Do-Not-Call Registry;

b. whether Defendant initiated, authorized, or is otherwise legally responsible for the text messages;

c. whether Defendant obtained prior express invitation or permission before sending the messages;

d. whether Defendant instituted and maintained the procedures for an internal do-not-call list required by 47 C.F.R. § 64.1200(d);

e. whether Defendant's conduct violated 47 U.S.C. § 227(c) and its implementing regulations;

f. whether Defendant's violations were willful or knowing; and

g. the nature and extent of the relief to which Plaintiff and the Class are entitled.

37. **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the claims of the Class. Plaintiff and each Class member received more than one telephone solicitation from or on behalf of Defendant, as part of the same telemarketing campaign, on a telephone number registered on the National Do-Not-Call Registry, without prior express invitation or permission, and were injured in the same manner by the same conduct.

38. **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with, and not antagonistic to, those of the Class, and Plaintiff has retained counsel experienced in prosecuting class actions and TCPA litigation. Neither Plaintiff nor his counsel has any interest adverse to the Class.

39. **Predominance (Rule 23(b)(3)).** Questions of law and fact common to the Class predominate over any questions affecting only individual members. The central questions—whether Defendant conducted the telemarketing campaign, whether the recipients' numbers were registered on the National Do-Not-Call Registry, whether Defendant had prior express invitation

or permission, and whether Defendant maintained the internal procedures required by the regulations—are subject to common, class-wide proof drawn principally from Defendant's records and the records of its vendors and carriers. The standardized and substantially uniform content of the messages further makes class-wide adjudication appropriate.

40. **Superiority (Rule 23(b)(3)).** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The statutory damages available to each Class member ($500 to $1,500 per violation) are small relative to the burden and expense of individual litigation, making it impracticable for most Class members to seek redress individually. Class treatment will conserve judicial resources, ensure consistent adjudication, and provide the only practical means by which most Class members may obtain relief. Plaintiff is aware of no difficulty likely to be encountered in the management of this action as a class action.

41. **Ascertainability and Class Counsel.** The Class is ascertainable using objective criteria and the records of Defendant, its messaging vendors, and the carriers and platforms through which the messages were transmitted, together with the records of the National Do-Not-Call Registry. Plaintiff seeks appointment as Class Representative and appointment of the undersigned as Class Counsel pursuant to Rule 23(g).

## CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act — 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Class, Against All Defendants)

42. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

43. The TCPA and its implementing regulations prohibit initiating more than one telephone solicitation within any twelve-month period to a residential or wireless telephone

number that is registered on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Text messages are "calls" subject to these protections.

44. The Subject Number, and the telephone numbers of the Class members, were registered on the National Do-Not-Call Registry at all relevant times.

45. Defendant, or one or more persons acting on Defendant's behalf and at Defendant's direction, initiated more than one telephone solicitation—including at least two marketing text messages to Plaintiff—to the Subject Number and to the telephone numbers of the Class members within a twelve-month period.

46. Neither Plaintiff nor the Class members provided prior express invitation or permission to receive these text messages, and none had an established business relationship with Defendant.

47. On information and belief, Defendant also failed to institute and follow the minimum procedures for maintaining an internal do-not-call list required by 47 C.F.R. § 64.1200(d).

48. As persons who received more than one telephone solicitation within a twelve-month period in violation of these regulations, Plaintiff and each Class member are entitled to recover statutory damages of $500 for each violation, trebled to up to $1,500 for each willful or knowing violation, together with injunctive relief, under 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant as follows:

A. An order certifying the Class under Federal Rule of Civil Procedure 23, appointing Plaintiff as Class Representative, and appointing the undersigned as Class Counsel;

B. Statutory damages of $500 for each violation of 47 U.S.C. § 227(c) and its implementing regulations, on behalf of Plaintiff and each member of the Class, pursuant to 47 U.S.C. § 227(c)(5);

C. Treble damages of up to $1,500 for each willful or knowing violation, pursuant to 47 U.S.C. § 227(c)(5);

D. An injunction prohibiting Defendant from sending further telemarketing text messages in violation of the TCPA;

E. Reasonable attorneys' fees and costs as permitted by law, including from any common fund or settlement established for the benefit of the Class;

F. Pre- and post-judgment interest as permitted by law; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the Class, demands a trial by jury on all claims and issues so triable.

Dated: June 26, 2026 Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff and the Putative Class
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com