IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE, d/b/a INSURANCE ENTERPRISE USA and INSURANCEENTERPRISEUSA.COM, an unknown person or entity; and DOES 1 THROUGH 10, inclusive; <br><br> Defendants. | 4:26CV3192 <br><br><br> ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Early Discovery (Filing No. 4).  The Court will grant the motion.

Plaintiff commenced this lawsuit on June 24, 2026, naming "John Doe d/b/a Insurance Enterprise USA and InsuranceEnterpriseUSA.com," an unknown person or entity, and Does 1-10 as defendants.  (Filing No. 1); see *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery").  Plaintiff filed a First Amended Class Action Complaint on June 26, 2026, against the same unidentified defendants.  (Filing No. 3).  Plaintiff has brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against the unidentified operator of the health-insurance telemarketing enterprise that does business as "Insurance Enterprise USA," through the website insuranceenterpriseusa.com and the toll-free telephone number (888) 350-6605.  Plaintiff alleges the defendant sent unsolicited marketing text messages to Plaintiff's cellphone and to thousands of other consumers.  Plaintiff alleges the defendant has deliberately concealed its legal identity by routing its telemarketing through a toll-free number whose subscriber records are held by a third-party and by operating its website through a privacy-shielded domain registration that discloses no registered company name or address.  (Filing No. 1 at p. 2).

Plaintiff now moves the Court for leave to begin discovery prior to satisfying the meet and confer requirement of Federal Rule of Civil Procedure 26(f), seeking leave serve three subpoenas to produce documents in a civil action without notice to opposing parties as required by Federal Rule of Civil Procedure 45(a)(4). In order to uncover the defendant's identity, Plaintiff requests leave to serve subpoenas on Twilio Inc., which provides the toll-free number; Squarespace Domains II LLC, the domain's registrar; and Google LLC, which provides the Google Workspace email service for the domain. (Filing No. 401 at p. 2). The proposed subpoenas generally seek production of documents to identify the account holder/subscriber/customer of the accounts, the date such accounts were created, and other related information to ascertain the identity of the person(s) who established and controlled the accounts of the defendants identified in the complaint. (Filing No. 4-3 at pp. 1-7).

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(f)(d)(1). "[T]he party requesting expedited discovery must show the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *McDonald Apiary, LLC v. Starrh Bees, Inc*., No. 8:14CV351, 2015 WL 11108872, \*3 (D. Neb. Apr. 8, 2015) (quotation omitted). The Eighth Circuit has not adopted a standard to govern when a court should permit expedited discovery, but district courts within this circuit have generally applied a "good cause" standard to determine whether early discovery is appropriate. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2278111, \*4 (D.Minn. May 18, 2018) (collecting cases).

The Court finds that Plaintiff has shown good cause to conduct the limited discovery requested in his motion. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D. N.Y. 2012) (finding expedited discovery appropriate to identify John Doe defendants). Because Plaintiff does not know the identity of the John Doe Defendants, Plaintiff cannot give notice to opposing parties prior to issuance of the subpoena as required by Rule 45. See Fed. R. Civ. P. 45(a)(4) (requiring notice to other parties before service of a subpoena). However, at this point, there is no indication that Plaintiff has "any reasonable alternative to . . . subpoenas to obtain the [identity]" of the John Doe Defendants. *Digital Sin*, 279 F.R.D. at 241-42. Accordingly,

**IT IS ORDERED:**  Plaintiff's Motion for Leave to Conduct Early Discovery (Filing No. 4) is granted.  Plaintiff may serve the subpoenas attached as Exhibit A to his motion upon Twilio Inc., Squarespace Domains II LLC, and Google LLC.

Dated this 29th day of June, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

3